Filed 11/14/22

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND GRIFFIN,<br><br>    Defendant and Appellant. | E079269<br><br>(Super.Ct.No. RIF112804)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Louis R. Hanoian (retired judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.).  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Eight years after defendant and appellant Raymond Griffin was convicted of two counts of murder, he petitioned the trial court for resentencing pursuant to Penal Code section 1172.6.[1] That court summarily denied his petition, and defendant appealed.

Defendant's appointed appellate counsel filed an opening brief that does not raise any issues. Therein, counsel acknowledges this is not defendant's first appeal of right so we are not required to conduct an independent review of the record to determine if it contains any arguable issues, but he requests we exercise our discretion to do so. We granted that request and found no issue. Accordingly, we affirm the trial court's denial of defendant's petition.

## BACKGROUND

In 2014, a jury found defendant guilty of various offenses, including two counts of first-degree murder (§ 187, subd. (a)) with gang and multiple-murder special circumstances (§ 190.2, subds. (a)(3), (a)(22)), and with enhancements for causing death by personally and intentionally discharging a firearm (§ 12022.53(d)). The trial court sentenced defendant to four consecutive life terms (two without possibility of parole and two with 25-year minimum parole periods) plus seven years. In his appeal from the judgment, defendant raised several issues, including a claim that the evidence was insufficient to support the jury's finding that he was the shooter. We affirmed. (*People v. Griffin* (July 19, 2016, E062831) [nonpub. opn.].)

---

[1] Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we refer to the section by its new numbering. All further statutory references are to the Penal Code.

In 2018, the Legislature enacted Senate Bill 1437, which amended sections 188 and 189 to eliminate criminal liability for murder under the natural and probable consequences doctrine and to limit application of the felony murder rule to those persons who were either the actual killer, or acted with the intent to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f), eff. Jan. 1, 2019.)  The Legislature also added section 1172.6, which established the procedure for defendants convicted of murder prior to the amendments to petition the trial court to vacate their sentence and to be resentenced if they met the following conditions:  (i) they were charged in a manner that allowed the People to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (ii) they were convicted of first or second degree murder under one of those theories; and, (iii) they could not now be convicted of first or second degree murder because of the amendments to sections 188 and 189 that became effective on January 1, 2019.[2]  (§ 1172.6, subd. (a).)

In February 2022, defendant filed a petition for resentencing pursuant to section 1172.6.  Upon receipt of the petition, the trial court set the matter for a status conference and appointed counsel for defendant.  Defendant was not present but was represented by counsel at the June 24, 2022 conference.  The court found defendant was ineligible for

---

[2]  In 2021, the Senate amended section 1172.6 to make clear that defendants convicted of attempted murder under the natural and probable consequences doctrine or manslaughter are entitled to seek resentencing relief.  (Senate Bill No. 775; Stats. 2021, ch. 551, §§ 1-2, eff. Jan. 1, 2022.)

relief because he was the actual shooter, and denied the petition. Defendant noticed this appeal.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. He asks this court to exercise its discretion to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

**1.      Availability of Wende procedures in appeals from denials of postconviction resentencing petitions**

When appointed appellate counsel files a no-issues brief in a criminal defendant's appeal from the judgment of conviction, the Courts of Appeal are required (i) to offer the defendant an opportunity to submit a personal supplemental brief, (ii) to review the entire record whether or not the defendant files a brief, and (iii) to issue a written opinion. (*People v. Kelly* (2006) 40 Cal.4th 106, 118-120 (*Kelly*); *Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Those procedures were adopted to ensure the protection of indigent criminal defendants' constitutional right to effective assistance of appellate counsel, a right that extends only to a direct appeal of the final judgment (the first appeal of right) in a criminal case. (*Kelly, supra,* 40 Cal.4th at pp. 118-119.)

Although the Courts of Appeal are not required to provide *Wende* protections in a postconviction appeal taken by an indigent criminal defendant from denial of a resentencing petition, they have exercised their inherent supervisory powers to decide

4

whether and to what extent *Wende* procedures should be employed in those cases. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1034 (*Cole*), review granted Oct. 14, 2020, S264278.)  Accordingly, in an effort to give defendants an opportunity to be heard and to avoid potential claims of ineffective assistance of counsel, courts have invited defendants to submit a supplemental brief if their appointed appellate counsel files a no-issues brief. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)  If a defendant files a brief, the court is required to evaluate any arguments presented and to adjudicate the appeal in a written opinion.  (*Kelly, supra,* 40 Cal.4th at pp. 119-120, 124; *Cole, supra,* 52 Cal.App.5th at p. 1040.)

Appellate courts are divided, however, with respect to how a court should exercise its discretion where, as here, the defendant did not respond to the court's invitation to submit a supplemental brief.  Several cases considering the issue adopted three criteria set forth in *Lassiter v. Department of Social Services* (1981) 452 U.S. 18, 27, to calibrate what procedures are appropriate.  (E.g., *Cole, supra,* 52 Cal.App.5th at p. 1037; *People v. Flores* (2020) 54 Cal.App.5th 266, 273-274 (*Flores*).)  Those criteria are (i) the private interests at stake (the liberty interests of the defendant), (ii) the government's interests (the appellate court's interests in making sure the trial court ruled correctly while balancing fiscal and administrative concerns), and (iii) the risk the procedures used will lead to erroneous decisions.  (*Flores, supra,* at p. 274.)

Some courts weighing those criteria conclude the state's interest in conserving scarce judicial resources outweighs the defendants' interest in postconviction proceedings

when (i) they have already been afforded all the constitutional protections in their first appeal of right, and (ii) are represented by appointed appellate counsel who are duty-bound to carefully review the record for error. (*Cole, supra,* 52 Cal.App.5th at p. 1037 [section 1172.6 resentencing petition]; *People v. Figueras* (2021) 61 Cal.App.5th 108, 112 [section 1172.6 resentencing petition], review granted May 12, 2021, S267870 (*Figueras*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 502-503 (*Serrano*) [motion to vacate conviction on grounds of no or inadequate advisement of immigrations consequences].) They opine that, in those circumstances, there is little risk of an erroneous appellate decision. (*Ibid.*)

Based on their evaluation of the criteria, those courts exercised their discretion to adopt procedures applicable to postjudgment no-issues cases in which defendant's first appeal of right has already been adjudicated. They require counsel to file a brief setting out the applicable facts and law, and to inform the court that no arguable issues were found. (*Cole, supra,* 52 Cal.App.5th at p. 1038; *Figueras, supra,* 61 Cal.App.5th at p. 112; *Serrano, supra,* 211 Cal.App.4th at p. 503.) Defendant must then be informed of the right to file a supplemental brief either by counsel (*Cole,* at p. 1028 and *Figueras,* at p. 112) or by the court (*Serrano,* at p. 503). If defendant does not submit a brief, the court will not conduct an independent review of the record, but will simply dismiss the appeal as abandoned without notice to defendant or his counsel alerting them of the court's intention to dismiss if it does not receive a supplemental brief. (*Cole,* at pp. 1039-1040; *Figueras,* at pp. 112-113; *Serrano,* at pp. 503-504.)

6

In *Scott,* a panel of this court generally agreed with the approach adopted by *Serrano* and *Cole.* (*Scott, supra,* 58 Cal.App.5th at pp. 1130-1131.) Unlike the courts in those cases, however, *Scott* explained that it does not dismiss the appeals without looking at them. (*Id.,* at pp. 1131, 1135.) It also acknowledged that justices have discretion to take on a case for full review and issue a written opinion (although it suggests they should not exercise that discretion as a routine matter). (*Ibid.*)

Other courts have considered the three *Lassiter* criteria and concluded the defendant's liberty interests are paramount and outweigh the fiscal and administrative burden on the state of providing *Wende* protections in view of the risk (even a presumably low one) that a defendant may be unlawfully incarcerated on account of an unreviewed meritorious issue that was overlooked by appointed appellate counsel. (*People v. Flores* (2020) 54 Cal.App.5th 266, 273-274 (*Flores*); *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599 (*Gallo*); see, *People v. Allison* (2020) 55 Cal.App.5th 449, 456 (*Allison*) [court of appeal has the discretion to review the record in the interests of justice], disapproved on another ground in *People v. Strong* (2022) 13 Cal.5th 698, 718.) Those courts held that, although not required by law, appellate courts can and should independently review the record on appeal when appointed appellate counsel has filed a no-issues brief in appeals from denial of a resentencing petition regardless of whether defendant files a supplemental brief. (*Flores,* at p. 274; *Gallo*, at p. 599; *Allison,* at p. 456.)

The issues of (i) what procedures appointed counsel and the Courts of Appeal are to follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit, and (ii) whether defendants are entitled to notice of those procedures are pending in our Supreme Court in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn], review granted, Feb. 17, 2021, S266305.  Unless and until that Court instructs us to take a different approach, we will employ the one set forth in *Flores* and *Gallo*.  That is, we will invite the defendant to file a supplemental brief and conduct an independent review of the record.  In cases in which defendant does not file a brief and our review does not reveal an arguable issue, we will issue a short concise unpublished opinion affirming the trial court's decision and explaining the reason for our decision for the benefit of defendant and counsel.

We do so because we agree the interests of justice call for exercise of caution in adjudicating denials of resentencing petitions even if defendants' convictions have already been adjudicated in their first appeal of right.  The amendments to sections 188 and 189 rendered illegal all convictions for murder obtained by either imputing malice to defendants based solely on their participation in a crime or by application of the natural and probable consequences doctrine, convictions for attempted murder obtained under the natural and probable consequences doctrine, and convictions for manslaughter. (§ 1172.6; *Gallo, supra,* 57 Cal.App.5th at pp. 598-599.)

Contrary to the suggestion in *Cole*, those amendments and the enactment of the petitioning provisions in section 1172.6 are not mere ameliorative changes applicable to

8

defendants by legislative grace permitting them to undo convictions and reduce sentences that have been already adjudicated as valid. (*Cole, supra,* 52 Cal.App.5th at p. 1036.) Rather, those changes undermine adjudicated convictions as to defendants who come within section 1172.6 as the result of the Legislature's determination that the convictions violated the bedrock principle of law and equity that persons should be punished for their actions according to their level of individual culpability. (Stats. 2018, ch. 1015, § 1(d).) Accordingly, we find the interests of justice call for an independent review of the record as an additional layer of protection from the risk of a defendant remaining unlawfully incarcerated because of a failure to discover a meritorious issue in his or her appeal from the denial of their section 1172.6 resentencing petition.

No doubt the risk of an erroneous decision is reduced by appointed appellate counsel's review of the record. The fact remains, however, that even very dedicated and highly skilled counsel overlook potentially meritorious issues and errors. For example, we regularly request parties to brief an issue not addressed in their briefs and it is commonplace to find counsel have overlooked errors in abstracts of judgments. The risk of not identifying an issue is increased where, as here, amendments to existing provisions and enactment of a new statute give rise to novel and often complex issues unfamiliar to counsel. (E.g., *Allison, supra,* 55 Cal.App.5th at p. 456 [independent review in interests of justice revealed arguable issue].)

While we recognize that providing a *Wende*-like review in appeals from denials of section 1172.6 petitions is not without expense, we agree with the observation in *Flores*

9

that the fiscal and administrative burdens on the courts are modest. (*Flores,* 54 Cal.App.5th at p. 274; accord, *Gallo*, *supra,* 57 Cal.App.5th at pp. 598-599.) Unlike a *Wende* review in a criminal defendant's first appeal of right, which requires an extensive search for a wide range of potential errors, our independent review of the record in an appeal from denial of a resentencing petition is focused on whether a defendant whose appeal from the judgment was previously adjudicated could presently be convicted of murder or attempted murder under the amendments to sections 188 and 189.

Our approach also furthers the interests of justice and protects the liberty interests of criminal defendants by not deeming their appeal abandoned when they do not file a supplemental brief. When appointed appellate counsel file no-issue briefs in appeals from criminal proceedings, we issue a "*Wende* order" to defendants alerting them that (i) their counsel has filed a brief stating no arguable issues can be found, and (ii) they are granted 30 days to file any supplemental brief they deem necessary.

We recognize there are any number of reasons why a defendant may not respond to that order. For example, they may not have received it (or not received it in time to respond) because they have been relocated or they were not receiving mail due to disruptions within the prison. It may be the defendant cannot read and comprehend the import of the notice because of language barriers, illiteracy or cognitive difficulties. Some defendants may simply not have the confidence or competence to fashion a response. And, even if defendants receive the order and understand it, they may see no

need to respond because they anticipate the independent review by the court requested by counsel will reveal any potentially meritorious issue that counsel may have overlooked.

### 2. Our independent review of the record

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *Kelly, supra,* 40 Cal.4th 106, and in keeping with *Gallo, supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.